UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARMEN RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:13-CV-3505-G |
| STATE FARM LLOYDS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Carmen Rodriguez

("Rodriguez"), to remand this case to the state district court from which it was

previously removed (docket entry 5).  For the reasons set forth below, the motion is

granted.

I.  BACKGROUND

Rodriguez, the owner of an insurance policy covering real property located in

Garland, Texas, sustained damage to the property following a wind and hailstorm.

Plaintiff's Original Petition ("Petition") at 3, *attached to* Defendant State Farm Lloyds'

Notice of Removal (docket entry 1).  Defendant State Farm Lloyds ("State Farm")

insured Rodriguez's property.  *Id.*  Following the storm, defendant Brad Carroll

("Carroll") represented State Farm as its agent in regard to Rodriguez's claim.  *Id.*
Carroll served as Rodriguez's adjuster "by investigating, processing, evaluating,
approving, and/or denying, in whole or in part, Plaintiff's claim."  *Id.*

Rodriguez alleges that Carroll improperly adjusted the claim on the damaged
property by conducting a substandard inspection.  *Id*. at 3-4.  Through this
inspection, Rodriguez alleges, Carroll "misrepresented the cause of, scope of, and cost
to repair the damage" to the property "as well as the amount of and insurance
coverage" for the loss under Rodriguez's insurance policy, which Carroll then relayed
to State Farm.  *Id.* at 4.  Rodriguez further alleges that Carroll's misrepresentations
"caused State Farm to underpay" on her insurance claim, preventing her from being
able to repair the damage from the storm.  See *id.*  Rodriguez contends that, due to
Carroll's misrepresentation and State Farm's subsequent insufficient payment, further
damage to her property has been sustained.  See *id.*  Further damage to her property
has also occurred because of allegedly negligent and false advice, from Carroll, on how
Rodriguez could repair her insured property.  *Id.*  In sum, Rodriguez alleges that
Carroll's improper adjusting caused additional damage to her property, over and
above that caused by the storm.  *See generally* Petition.

The action against Carroll is founded on the Texas Insurance Code.  Rodriguez
alleges that Carroll, as an employee adjuster for State Farm, violated multiple sections
and subsections of the Texas Insurance Code, including § 541.060 (a)(1), (a)(2)(A),

- 2 -

(a)(3), (a)(4), and (a)(7).  *See* Plaintiff's Opposed Motion to Remand ¶ 26 (docket entry 5).

A.  <u>Motion to Remand</u>

1.  *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court."  *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332.  Here, the removing

- 3 -

defendants have alleged only diversity of citizenship as a basis of this court's jurisdiction.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the *properly joined* defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b)(2); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).  In this case, Rodriguez and Carroll are citizens of Texas.  Petition at 1-2; Notice of Removal ¶¶ 9, 11.  However, State Farm contends that removal is proper because Carroll has been improperly joined in this lawsuit.  Motion at 2; Notice of Removal ¶ 11.

## 2.  *Improper Joinder and Remand*

The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined:  "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005).  The first of these two grounds is not applicable to this case.  To satisfy the second test for improper joinder, the defendants must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no

- 4 -

reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[*] Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. "The scope of the inquiry for fraudulent joinder, however, is broader than that for Rule 12(b)(6)." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005).

Normally, a district court should confine its improper joinder analysis to the pleadings. However, in rare cases, "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . ., the district court may, in its discretion, pierce the pleadings and conduct a summary

---

[*]     The court concludes that applying the state pleading standard seems most natural. See *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537 (5th Cir. 2005) (applying the Texas fair notice pleading standard to determine whether allegations were sufficient to state a claim under state law); *Durable Specialties, Inc. v. Liberty Insurance Corporation*, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011) (Lindsay, J.) (arguing that application of the Texas pleading standard is logical and compelled by fundamental fairness); *Edwea, Inc. v. Allstate Insurance Company*, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (noting that the majority of courts have held that when a state pleading standard is more lenient, a federal court should apply the state pleading standard to determine whether there is a reasonable basis for recovery in state court).

inquiry." *Smallwood*, 385 F.3d at 573.  In this case, a Rule 12(b)(6) inquiry is

appropriate because the defendants have not identified any omitted facts that would

preclude the plaintiff's recovery against the defendants.

The party seeking removal bears the heavy burden of proving improper joinder.

*Id.* at 574.  The court must resolve all "contested issues of material fact, and any

ambiguity or uncertainty in the controlling state law" in the plaintiff's favor.  *Griggs v.*

*State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999).  The court does not "determine

whether the plaintiff will actually or even probably prevail on the merits of the claim

[against the in-state defendant], but look[s] only for a possibility that the plaintiff

might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005)

(citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992);

*B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)).  The court can

only deny the plaintiff's motion for remand if as a matter of law there is absolutely no

possibility that the plaintiff can state a valid claim against Carroll in state court.  See

*B., Inc.*, 663 F.2d at 554.  If the defendants cannot prove improper joinder, remand is

mandated.  *Smallwood*, 385 F.3d at 575.

A district court's order remanding a case to the state court from which it was

removed is generally not reviewable on appeal or otherwise, "even if the district

court's order was erroneous." *Angelides v. Baylor College of Medicine*, 117 F.3d 833, 836

(5th Cir. 1997) (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343

- 6 -

(1976); *Tillman v. CSX Transportation, Inc.*, 929 F.2d 1023, 1028 (5th Cir. 1991), *cert.*

*denied*, 502 U.S. 859 (1991)); *see* 28 U.S.C. § 1447(d).  This rule allows state courts

to proceed without delay.  *Mobil Corporation v. Abeille General Insurance Company*, 984

F.2d 664, 666 (5th Cir. 1993).

## II.  ANALYSIS

### 1.  *Texas Insurance Code*

When reviewing claims in an effort to determine whether joinder was proper,

the court is "not to weigh the merits" of the plaintiff's claim "beyond determining

whether it is an arguable one under state law."  *Crowe v. Coleman*, 113 F.3d 1536,

1538 (11th Cir. 1997).  If the court finds an arguably reasonable basis "for predicting

that the state law might impose liability on the facts involved, then there is no

fraudulent joinder."  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.)

(citation omitted), *cert. denied*, 510 U.S. 868 (1993).  Thus, in order to succeed on her

motion to remand, Rodriguez must prove that Carroll was properly joined, and that

there exists the possibility of recovery against Carroll for the damages alleged.  See

*Smallwood*, 385 F.3d at 573.

Although the original Texas Insurance Code has been re-codified, the "legal

standards have not changed" in the re-codification from Article 21.21 to § 541.

*Gasch v. Hartford Accident & Indemnity Company*, 491 F.3d 278, 280 n.2 (5th Cir.

2007).  The Texas Supreme Court has defined who, in addition to insurers

themselves, can be held liable under the Texas Insurance Code.  See *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Enabling claims against individuals, the Code "prohibits any person from engaging in deceptive trade practices in the insurance business.  *Id.*  For the purposes of the Code, a "person" includes "any individual . . . and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters and life insurance counselors."  *Id.*  The court, analyzing the state's legislative history, determined that the term person "is not limited to business entities" and includes employees who work directly for an insurance provider.  *Id*. at 486.

Although *Garrison* dealt with a claim against an insurance agent, courts have followed its reasoning, and the language of the Code, to identify adjusters as individuals capable of being sued in their individual capacities.  See, *e.g., Warren v. State Farm Mutual Automobile Insurance Company*, No. 3:08-CV-0768-D, 2008 WL 4133377, at *5 (N.D. Tex. Aug. 29, 2008) (Fitzwater, CJ.) (citing *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643, 648 (S.D. Tex. 2002)).  Although "the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims."  *Id.*  (citation omitted).  Texas law authorizes actions against insurance adjusters in their individual capacities.  See *id.* at *4.

Given that Texas law permits claims under the Texas Insurance Code against insurance adjusters individually, "[t]he question therefore becomes whether [the] plaintiff[] sufficiently allege[s] in [her] petition" that the adjuster defendant "failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim." *Russell v. State Farm Lloyds*, No. 3:01-CV-1305-D, 2001 WL 1326501, at *3 (N.D. Tex. Oct. 15, 2001) ((Fitzwater, J.).  In other words, the court must determine whether the allegations against the defendant Carroll are sufficient to give rise to the possibility of a valid claim.  *Smallwood*, 385 F.3d at 573.  "Whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit" between the plaintiff's allegations and the pleaded theory of recovery.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

Although the plaintiff does not have to meet the full plausibility standard under a Rule 12(b)(6) analysis, the court must nevertheless be satisfied that the pleading raises sufficient factual allegations that directly involve the individual defendant, thus satisfying the "factual fit" requirement.  See generally *Russell*, 2001 WL 1326501, at *4.  The sufficiency of a claim against a defendant can be found lacking, and joinder therefore improper, when the allegations are found to be "mere puffery" and conclusory in nature.  *Id.* (citing *Griggs*, 181 F.3d at 701).  In *Griggs*, the Court found that there were "no facts warranting liability," largely because "[t]he only factual allegation even mentioning" the in-state defendant was merely a

recitation of her status as an agent, without any factual guidance on any theory of negligence or misrepresentation. *Griggs*, 181 F.3d at 699.  However, when a plaintiff is able to specifically state facts that point to the allegedly wrongful conduct by the adjuster defendant, the court has found that the plaintiff has met his/her burden. *Russell*, 2001 WL 1326501, at *4.

## 2. *Application*

Rodriguez has successfully raised in her pleading sufficient factual allegations against Carroll, a person to whom liability can properly be attached to under the Texas Insurance Code; therefore, remand back to state court is proper.  Under the Texas Insurance Code, insurance adjusters are "persons" who are capable of being sued in their individual capacities for conduct while they are engaged in the business of insurance.  Carroll was employed as an adjuster for State Farm at the time the claim for property damage was made by Rodriguez.  As an adjuster for State Farm, Carroll is a properly defined "person" and as such is prohibited from engaging in deceptive practices as defined by the Insurance Code.

Additionally, Rodriguez has successfully raised specific allegations against Carroll that are sufficient to give rise to the possibility of a claim, which a necessary element of a successful motion to remand.  Pursuant to Texas' notice pleading standard, the court concludes that Rodriguez's factual allegations against Carroll, and relevant theories of liability presented under the Texas Insurance Code, give rise to

the possibility that she could be successful in securing relief against Carroll.  Carroll's

alleged misrepresentations to Rodriguez about the extent and cost of the damage,

including recommendations about how to fix some of the damage herself, persuade

the court that Rodriguez might, under the relevant state law, obtain relief against

Carroll.  This is all that is necessary for joinder to be proper.

### III.  CONCLUSION

For the reasons stated above, Rodriquez's motion to remand is **GRANTED**.

This case is **REMANDED** to the **101st Judicial District Court of Dallas**

**County, Texas**.

The clerk shall mail a certified copy of this memorandum opinion and order to

the District Clerk of Dallas County, Texas.  28 U.S.C. § 1447(d).

**SO ORDERED**.

July 14, 2014.

_____
**A. JOE FISH**
**Senior United States District Judge**